United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61018
Summary Calendar

_____

SABAHUDIN LJULJANOVIC,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 924 885
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sabahudin Ljuljanovic petitions this court to review the
decision of the Board of Immigration Appeals ("BIA") affirming
the immigration judge's ("IJ") denial of relief.  The IJ denied
Ljuljanovic's requests for asylum, withholding of removal, and
relief under the Convention Against Torture ("CAT").  Ljuljanovic
argues that:  (1) the BIA violated his due process rights by
summarily affirming the IJ's decision; (2) the IJ erred in
concluding that he failed to establish a well-founded fear of

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

persecution; and (3) the IJ erred in concluding that he was not entitled to relief under the CAT.

Ljuljanovic's due process challenge to the BIA's summary affirmance procedure is without merit.  See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

The IJ's finding regarding that Ljuljanovic failed to establish a well-founded fear of persecution was based upon Ljuljanovic's overall lack of knowledge concerning the political and social changes in Montenegro.  This conclusion was based on the evidence presented and is substantially reasonable.  See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  Accordingly, the IJ's determination must be upheld.  See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Ljuljanovic also argues that the IJ erred in denying him relief under the CAT.  Considering the evidence presented, the record does not compel the finding that Ljuljanovic met his burden to show that it is more likely than not that he would be tortured in Montenegro.  See id. at 907.

Accordingly, Ljuljanovic's petition for review is DENIED.